IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OLANIYI OLALEKAN AKINTUYI,

    *Petitioner*,

v.

PAMELA JO BONDI, *et al.*,

    *Respondents*.

Case No. 25-cv-3476-ABA

**ORDER**

On October 24, 2025, at 4:32 p.m. ET, Petitioner filed a Combined Emergency Motion for Administrative Stay or, in the Alternative, Temporary Restraining Order, and Motion for Preliminary Injunction. ECF No. 10. In the motion, Petitioner referred to an Exhibit A, which the motion described as a declaration submitted contemporaneously as proof that Mr. Akintuyi expressly asserted a fear of persecution and torture in Ghana. *Id.* at 1 ("While detained in Baltimore, Mr. Akintuyi expressly asserted a fear of persecution and torture in Ghana; counsel is submitting a declaration contemporaneously (Ex. A)."). However, no Exhibit A was attached to the motion or filed contemporaneously with the motion. Nevertheless, on that same day at 5:22 p.m. ET, the Court granted the Temporary Restraining Order ("TRO") until October 29, 2025 at 5:00 p.m. ET but reserved on the Motion for Preliminary Injunction pending full briefing. ECF No. 11.

On October 29, 2025, the parties stipulated to extend the TRO until December 4, 2025 at 5:00 p.m. ET, ECF No. 15 & 16. The parties also stipulated that "Petitioner shall file, along with his amended Petition, a Motion for Preliminary Injunction on November 7, 2025." *Id.* The Court also ordered Petitioner to file a supplement with his

1

missing exhibits, including Exhibit A of the Petition, ECF No. 1, and Exhibit A of the Emergency Motion for Temporary Restraining Order, ECF No. 10, on or before November 3, 2025. ECF No. 17. As of the date of this Order, Petitioner has not filed the missing exhibits or filed a renewed Motion for Preliminary Injunction. Petitioner did file an Amended Petition on November 12, 2025. ECF No. 18.

On November 21, 2025, the deadline set in the stipulation and order, the government submitted a response to the amended petition and a motion to dismiss, which also addresses the original motion for preliminary injunction. ECF No. 19. The stipulated deadline for Petitioner to file a reply brief was November 26, 2025. *See* ECF No. 15 & 16. Petitioner did not file a reply brief on that date or at any point since then.

On December 4, 2025, the Court held a hearing prior to the expiration of the TRO, ECF No. 20, during which time Petitioner's counsel twice disclaimed that there was any pending motion for preliminary injunction before the Court, particularly in light of the Amended Petition and the parties' stipulation that the Petitioner was to file a renewed motion for preliminary injunction and had not. After the hearing and the expiration of the TRO, at 6:27 p.m. ET, Petitioner filed a Motion to Extend the Temporary Restraining Order requesting the Court to "Extend the Temporary Restraining Order for the maximum period permitted under Fed. R. Civ. P. 65(b)(2)." ECF No. 21 at 7. Fed. R. Civ. P. 65(b)(2) limits TROs to 14 days "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Petitioner's motion was filed more than an hour after the expiration of the TRO, *see* ECF No. 21, and is opposed by Respondents, *see* ECF No. 22. Petitioner's previous TRO lasted for 41 days, well beyond the maximum amount that the Court can order in the absence of consent, due to stipulation by the parties. Fed. R.

1

Civ. P. 65(c) provides that, following the issuance of a TRO, at a hearing regarding a preliminary injunction, which both parties agreed the December 4, 2025 hearing was intended to be, should the party who obtained the TRO not proceed with the motion, "the court must dissolve the order." As Petitioner disclaimed there being any pending motion for preliminary injunction for the Court to consider during the hearing, the Court allowed the TRO to expire. However, now Petitioner's brief states that "Counsel relied on the original preliminary injunction filed with the TRO (ECF 10) based *only* on the good faith belief that the Government's exhibits and response fell far short of the standard necessary to prove reasonable foreseeability of removal to a third country." ECF No. 21 at 6 (emphasis in original). However, extending the TRO further beyond the 41 days Petitioner has already been given would essentially convert it into a preliminary injunction without such a motion from Petitioner.

      The Court also notes that Petitioner has still not filed Exhibit A of ECF No. 10, which is supposed to serve as Petitioner's evidence that he asserted fear of removal to Ghana and/or requested immigration judge review of any negative fear determination as proof of likelihood of success on the merits. Therefore, the Court lacks the evidence needed to consider Petitioner's likelihood of success on the merits to issue any injunctive relief. Accordingly, the Court finds that a further extension of the TRO is not warranted in this case, and the TRO thus expired on Thursday, December 4, 2025 at 5:00 p.m. ET.

      Finally, in Petitioner's Amended Petition, he argues that the government has not shown a significant likelihood of removal in the reasonably foreseeable future, as required by *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 18 ¶ 27. Respondents argue that Petitioner's detention and removal are legal and imminent, and therefore,

the petition should be dismissed. ECF No. 19 at 11–24. With regard to those claims, the parties SHALL FILE supplemental status reports every 30 days thereafter until otherwise ordered by the Court.

Date:  December 9, 2025

                                                                _____/s/_____
                                                                 Adam B. Abelson
                                                                 United States District Judge