IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OLANIYI OLALEKAN AKINTUYI,

    *Petitioner*,

v.

PAMELA JO BONDI, *et al.*,

    *Respondents.*

Case No. 25-cv-3476-ABA

**MEMORANDUM OPINION AND ORDER**

    Petitioner Olaniyi Olalekan Akintuyi is a citizen of Nigeria who was convicted in this Court in 2016 of attempt and conspiracy to commit fraud and fraud with identification documents and sentenced to sixty (60) months in prison. He is presently in immigration detention, and the government seeks to remove him to Ghana. The present case has arisen from his petition for a writ of habeas corpus based on his claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), that it is not reasonably foreseeable that he will actually be removed to Ghana.

    On December 9, 2025, the Court ordered the parties to file joint status reports every 30 days regarding the status of Petitioner's *Zadvydas* claim. ECF No. 23 at 3–4. The first report was due on January 8, 2026. On January 8, 2026, in lieu of a joint status report, Petitioner filed a "Motion for Immediate Release from ICE Custody or, in the Alternative, for an Expedited Individualized Custody Hearing." ECF No. 24. Later that same day, the government filed a status report as well as a Motion to Strike Petitioner's motion. ECF No. 25. For the reasons that follow, the government's motion will be denied, and Petitioner's motion will be denied in part and reserved in part.

1

I.    BACKGROUND

On October 22, 2025, Petitioner filed his petition for writ of habeas corpus based on an argument that his detention violated 8 U.S.C. § 1231(a) and the Fifth Amendment as interpreted in *Zadvydas*. ECF No. 1 ¶¶ 1, 18–20. On October 24, 2025, at 4:32 p.m. ET, Petitioner filed a Combined Emergency Motion for Administrative Stay or, in the Alternative, Temporary Restraining Order, and Motion for Preliminary Injunction in which he raised an 8 C.F.R. §§ 208.31 & 1208.31 argument based on an assertion of fear of persecution or torture in Ghana—the proposed "third country" for removal. ECF No. 10. In the motion, Petitioner argued that, because he had been granted withholding of removal as to Nigeria in 2018 and has asserted a fear of removal to Ghana, the Court should enjoin Respondents from removing Petitioner from the United States while the case was being briefed. *Id.* at 1–4. The Court granted the Temporary Restraining Order ("TRO") but reserved on the Motion for Preliminary Injunction ("PI") pending full briefing. ECF No. 11. The parties then stipulated to extend the TRO until December 4, 2025 at 5:00 p.m. to allow for briefing on a renewed motion for PI as well as any motions filed by the government. ECF Nos. 15 & 16. Petitioner did not file a renewed motion for PI.

During a hearing on the motions, Petitioner's counsel twice disclaimed that there was any pending motion for PI before the Court. ECF No. 23 at 2. After the TRO expired, Petitioner filed a Motion to Extend the Temporary Restraining Order requesting the Court to "Extend the Temporary Restraining Order for the maximum period permitted under Fed. R. Civ. P. 65(b)(2)." ECF No. 21 at 7. Due to various failures by Petitioner's counsel to provide the necessary exhibits despite multiple opportunities and to file a PI motion, the Court denied the motion to extend the TRO further than the 41 days

2

Petitioner had already been given under the TRO and ordered the parties to file supplemental status reports every 30 days regarding Petitioner's *Zadvydas* claim. ECF No. 23 at 3–4. The first status report was to be due on January 8, 2026.

Respondents' counsel alleges that they emailed Petitioner's counsel on December 29, 2025 in anticipation of the joint status report and received no response. ECF No. 25 at 2. On January 7, 2026, Respondents' counsel emailed Petitioner's counsel again inquiring about the joint status report and also informing him that Petitioner had failed to cooperate with his removal. *Id.* at 2–3. Petitioner's counsel responded that same day requesting clarification to which Respondents' counsel provided him with a form indicating Petitioner's failure to provide documents and information to assist with his removal. *Id.* at 3; ECF No. 25-1. Respondents' counsel contends that Petitioner's counsel never responded to the inquiries about filing a joint status report. ECF No. 25 at 3.

Instead, at 12:09 a.m. on January 8, 2026, Petitioner filed a "Motion for Immediate Release from ICE Custody or, in the Alternative, for an Expedited Individualized Custody Hearing." ECF No. 24. In the motion, Petitioner alleges that his case "is procedurally and substantively similar to this Court's recent consideration of a substantially analogous case involving third-country removal and detention limits, Cruz Medina, in which the Court granted relief to preserve meaningful review and prevent unlawful removal." *Id.* at 2 (citing *Cruz Medina v. Noem*, No. 25-cv-1768-ABA (D. Md. Oct 7, 2025).

At 5:23 p.m. on January 8, 2026, Respondents filed a status report with a Motion to Strike Petitioner's Motion. ECF No. 25. In the status report, Respondents informed the Court that, "on December 21, 2025, Petitioner refused to complete a travel document request packet that is required to request travel documents and country

3

clearances for his removal," and was thus issued a Warning for Failure to Depart form. ECF No. 25 at 3, ECF No. 25-1. In the motion, Respondents argue that Petitioner's motion should be stricken under Rule 12(f) as being immaterial, frivolous, and in bad faith. ECF No. 25 at 3–4 (citing Fed. R. Civ. P. 12(f)). Finally, if the Court were to deny their motion to strike, they request that they be given an opportunity to file a response to Petitioner's motion.

Since the filing of these motions, the parties have filed a joint status report in which "Respondents report that Petitioner continues to refuse to comply with removal efforts." ECF No. 26 at 1. Petitioner reported that he "continues to maintain that Petitioner cannot be removed without a full reasonable fear interview conducted by an immigration judge, and that maintaining said position does not constitute refusal to comply with ICE's efforts of removal." *Id.*

## II.   DISCUSSION

### A.   Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The decision to grant or deny a motion under Rule 12(f) is discretionary." *Mike's Train House v. Broadway Ltd. Imp., LLC*, Case No. 09-cv-2657-JKB, 2011 WL 2415014, *2 (D. Md. June 10, 2011) (citing *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores*, 227 F. App'x. 239, 246 (4th Cir. 2007)). "Motions under Rule 12(f) are generally disfavored and should be granted infrequently." *Id.* (citing *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir 2001); *Renaissance Greeting Cards*, 227 F. App'x at 247).

Respondents argue that Petitioner's motion is immaterial and frivolous as it fails to show an entitlement to relief under *Zadvydas*. They argue that "Petitioner is estopped

4

from arguing that his "removal is not significantly likely in the reasonably foreseeable future" as "the *Zadvydas* six-month, presumptively reasonable period" is well established. ECF No. 25 at 4. But this is a reason to potentially deny Petitioner's motion, not to strike it. Although *Zadvydas* provides that a detention of less than six months is presumptively reasonable, this presumption was to serve as a starting point, not the sole analysis. *See Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 374 (D. Md. 2025) (hereinafter, "*Cruz Medina I*") (citing Ian Bratlie & Adriana Lafaille, *A 180-Day Free Pass? Zadvydas and Post-Order Detention Challenges Brought Before the Six-Month Mark*, 30 Geo. Immigr. L.J. 213, 240–243 (2016)). The reasoning in *Zadvydas* also provided that before the expiration of the six-month period, the petitioner would have the burden to show that removal is not reasonably foreseeable. *Id.* at 375. Therefore, Petitioner was not estopped from raising this argument and whether or not he has shown entitlement to relief does not in itself make the motion immaterial or frivolous.

Respondents also argue that the decision to file the motion rather than engage with them regarding the joint status report demonstrated bad faith and thus the motion should be stricken. ECF No. 25 at 4. While Petitioner's counsel has failed to abide by multiple orders of this Court, including the order to file a joint status report on January 8, 2026, the Court does not find that counsel's advocacy decision in filing the motion by itself constitutes bad faith or rises to a level of making the motion "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Therefore, Respondents' Motion to Strike will be denied.

## B. Motion for Immediate Release or Custody Hearing[1]

Whether a petitioner has shown an entitlement to relief pursuant to 8 U.S.C. § 1231(a)(6) and due process depends on whether the petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if so, whether the government has "respond[ed] with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

As to the first question, Petitioner contends that the government has failed to meet the *Zadvydas* standard of showing that removal is significantly likely in the reasonably foreseeable future because: (1) Petitioner cannot be removed to Nigeria; (2) and the government has not shown that removal to Ghana is lawful and practicable in light of the absence of verifiable acceptance and safeguards from Ghana and the fact that the government had not secured Petitioner's removal during the time he was released on an Order of Supervision; (3) the Court should give diminished weight to "the Government's self-serving statements"; and (4) the government had previously violated injunctions in immigration cases outside of this District. ECF No. 24 at 3–7. He further argues that there are less restrictive alternatives to detention that would adequately serve the government's interest such as an individualized custody review. *Id.* at 7. Finally, Petitioner contends that this case "is on all fours" with the Court's prior decision in *Cruz Medina*: "a noncitizen with withholding to his country of nationality, an asserted plan for third-country removal, contested likelihood and lawfulness of that plan, and ongoing civil detention." ECF No. 24 at 8. He argues that the same equitable and due

---

[1] The Court notes that Respondents requested to respond to Petitioner's motion if their motion to strike was to be denied. Given that most of Petitioner's motion will be denied as written, the Court will deny Petitioner's motion in part and allow Respondents an opportunity to respond to the remaining argument.

6

process concerns justify immediate release here, or at least an expedited custody hearing that places the burden squarely on the Government." *Id*.

Petitioner does not specify in his motion which opinion in *Cruz Medina* he is requesting that the Court follow, but none of them are applicable to Mr. Akintuyi's case at this juncture. In *Cruz Medina I*, this Court denied the petitioner's request for release based on a finding that the petitioner had not yet shown that the *Zadvydas* analysis tipped in his favor. *Cruz Medina 1*, 794 F. Supp. 3d at 381. Given that Petitioner is requesting that the Court find that the *Zadvydas* analysis does tip in his favor, *Cruz Medina I* is inapposite.

In *Cruz Medina II*, this Court granted the petitioner's motion for a preliminary injunction, enjoining the government from removing the petitioner prior to immigration judge review of his assertion of fear of persecution in the third-country to which the government had proposed he be removed based on a finding that, under due process, the petitioner was entitled a reasonable fear interview by an asylum officer and *de novo* review of any negative determination by an immigration judge after having requested that review. *Cruz Medina v. Noem*, 806 F. Supp. 3d 536, 548–553 (D. Md. 2025) (hereinafter, "*Cruz Medina II*"). To the extent Petitioner is arguing that he has asserted a fear of removal to Ghana, unlike in *Cruz Medina II*, Petitioner has failed to provide any evidence that this fear was asserted despite the Court pointing this out on multiple occasions. *See* ECF No. 17 at 2; ECF No. 23 at 3. Despite this, the government provided Petitioner with a fear screening, similar to what was provided in *Cruz Medina II*, but Petitioner, unlike the petitioner in *Cruz Medina II*, has failed to provide any evidence that he has requested immigration judge review of the negative determination. *See* ECF No. 19 at 9–10; ECF No. 19-5; ECF No. 23 at 3. Even if he had, in *Cruz Medina II*, the

7

Court found this to be a basis upon which a PI would be granted, not immediate release; therefore, *Cruz Medina II* is inapposite.

Finally, in *Cruz Medina III*, the Court ordered the government to refer petitioner's negative fear determination to an immigration judge for review or release the petitioner from custody as thirty-six days had passed since the Court had issued the PI and the government was continuing to refuse to provide the petitioner with the procedure to which he was entitled and that refusal had tipped the *Zadvydas* analysis in the petitioner's favor. *Cruz Medina v. Noem*, Case No. 25-cv-1768, 2025 WL 3157608, at *1 (D. Md. Nov. 12, 2025) (hereinafter, "*Cruz Medina III*"). The reasoning in *Cruz Medina III* does not apply where, as here, the delay in the government's ability to effectuate removal is based on Petitioner's refusal to participate in the process and intentionally delaying the government's ability to obtain the relevant travel documents and approvals. *See Sajous v. Decker,* Case No. 18-cv-2447, 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018) ("[T]he operative question should be whether the alien has been the cause of delayed immigration proceedings and, where the fault is attributable to some entity other than the alien, the factor will weigh in favor of concluding that continued detention without a bond hearing is unreasonable."). Based on the evidence that Petitioner's refusal to comply is the primary source of delay in his removal, this weighs against Petitioner in the *Zadvydas* analysis.

Additionally, Petitioner has failed to show how government actions in the *D.V.D. v. Dep't of Homeland Security*, 1:25-cv-10676 (D. Mass. Mar 23, 2025) case has any bearing on Mr. Akintuyi's case. *See* ECF No. 24 at 5–7. Similarly, Petitioner's argument that "the Government's self-serving statements should be given diminished weight" falls short where Petitioner fails to point to any specific statements in this case that he alleges

8

to be self-serving. *Id*. at 4–5.

In Petitioner's request for an individualized custody review, he notes that 8 U.S.C. § 1226 provides an alternative to detention for those who qualify. ECF No. 24 at 7. Respondents will be granted an opportunity to respond as to whether § 1226 applies to Mr. Akintuyi's detention. All other arguments within the Petitioner's motion will be denied.

### III.   CONCLUSION AND ORDER

For the aforementioned reasons, the Court hereby ORDERS as follows:

1. Respondents' Motion to Strike (ECF No. 25) is DENIED;

2. Petitioner's Motion for Immediate Release or Expedited Individualized Custody Hearing (ECF No. 24) is DENIED IN PART and RESERVED IN PART;

    a. The motion is reserved as to the 8 U.S.C. § 1226 argument;

    b. The motion is otherwise denied; and

3. Respondents are directed to file a response as to the application of 8 U.S.C. § 1226 to Petitioner's detention within 14 days of the date of this Order.

Date:  March 3, 2026

                                                          */s/*
                                               Adam B. Abelson
                                               United States District Judge