IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OLANIYI OLALEKAN AKINTUYI,

    *Petitioner*,

v.

PAMELA JO BONDI, *et al.*,

    *Respondents.*

Case No. 25-cv-3476-ABA

**MEMORANDUM OPINION AND ORDER**

On January 8, 2026, Petitioner filed a Motion for Immediate Release from ICE Custody or for an Expedited Individualized Custody Hearing. ECF No. 24. On March 3, 2026, the Court reserved in part on the motion as to the argument that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226, granting the government an opportunity to respond to this argument. ECF No. 28. Respondents argue that 8 U.S.C. § 1226 does not apply to Petitioner's detention as he has been convicted of an aggravated felony and is subject to a final order of removal and therefore is subject to mandatory detention under 8 U.S.C. § 1231. ECF No. 30 at 2. Respondents further argue that Petitioner's detention is presumptively reasonable under *Zadvydas*. *Id*. at 3.

Petitioner's new counsel filed a motion for leave to file a reply brief, which will be granted. ECF No. 31. In Petitioner's reply brief, he argues that, because Petitioner's detention is beyond the removal period, he is entitled to an individualized custody review. ECF No. 31-1 at 1–2. For the following reasons, Petitioner's motion will be denied.

First, 8 U.S.C. § 1226(a) explicitly does not apply to Petitioner's case. 8 U.S.C. § 1226(a), which provides that a noncitizen may be released on bond, explicitly states

1

"[e]xcept as provided in subsection (c)." Included in that exception to subsection (a) are noncitizens who are "deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). Petitioner does not dispute that he has been "convicted of an aggravated felony at [some] time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii); *see* ECF No. 1 ¶ 14; ECF No. 19 at 4, 9. Given that noncitizens in this category are explicitly excepted from the bond hearing provision of 8 U.S.C. § 1226(a) and it is undisputed that Petitioner falls under this category, Petitioner is not entitled to a § 1226(a) bond hearing.

Further, Petitioner argues that his "removal period" pursuant to 8 U.S.C. § 1231(a)(1) began when his removal order became administratively final on August 1, 2018 and therefore his 90-day removal period ended on October 30, 2018. ECF No. 31-1 at 1–2. But the statute also explicitly provides that a noncitizen "ordered removed who is . . . removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title . . . may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). The regulations further confirm that the Department of Homeland Security "may continue a[ noncitizen] in custody beyond the removal period" who has been "convicted of one or more aggravated felony offenses" including those "granted withholding of removal under section 241(b)(3) of the Act or withholding or deferral of removal under the Convention Against Torture." 8 C.F.R. § 241.4(a), (a)(1), (b)(3). The regulation further provides that "[t]he Service will not conduct a custody review under these procedures when the Service notifies the [noncitizen] that it is ready to execute an order of removal." *Id*. § 241.4(g)(4). As previously stated, it is undisputed that Petitioner is removable under 8 U.S.C. § 1227(a)(2), that he is subject to a final order of removal and that he was previously granted withholding of removal (*see* ECF No. 1 ¶ 14); therefore, Petitioner has

2

failed to show a basis upon which to argue that the government lacks discretion to continue his detention especially in light of the government's notice of its intent to execute his order of removal. *See* ECF No. 19-3.

Finally, both parties request that the Court reconsider Petitioner's original due process/*Zadvydas* claim regarding whether his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Respondents contend that Petitioner has failed to comply with efforts to remove him since December 2025 and, therefore, the six-month *Zadvydas* presumptively reasonable period has been tolled and that his petition should be dismissed. ECF No. 30 at 3–4. First, the Court notes that, despite the fact that Petitioner has an ongoing habeas petition before this Court, there has been no injunction preventing Petitioner's removal since December 4, 2025 at 5:00 pm ET. *See* ECF No. 23. Further, Petitioner is forewarned that, in conducting the *Zadvydas* analysis, whether under the presumptive reasonableness test or on the significantly likely test, the Court must give recognition to whether a delay in removal is due to conduct by the government or by the petitioner, or due to standard removal procedure timing. *See Dinh v. McCormick,* Case No. 12-cv-2275-WMN, 2013 WL 141575, *2 (D. Md. Jan. 10, 2013) ("The *Zadvydas* holding . . . applies to the situation where an alien, *through no fault of his own*, faces the possibility of indefinite detention. In contrast, § 1231 provides that the removal period shall be extended and the alien may remain in detention during such extended period 'if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.'") (quoting 8 U.S.C. § 1231(a)(1)(C)) (emphasis added); *Diallo v. Pereira*, Case No. 07-cv-348-AW, 2007 WL 5230798, *3 (D. Md. June

29, 2007) (tolling the *Zadvydas* six-month presumptive removal period "when a[ noncitizen] fails to cooperate with the Department of Homeland Security or otherwise impedes his removal."); *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("*Zadvydas* does not save an alien who fails to provide requested documentation to effectuate his removal. The reason is self-evident: the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock."). *But see Vasquez Casteneda v. Perry*, 95 F.4th 750, 757–58 (4th Cir. 2024) (holding that detention during the pendency of the noncitizen's withholding-only procedures voluntarily initiated by the noncitizen was not a detention of the type at issue in *Zadvydas*). But the Court will not rule on Petitioner's *Zadvydas* claim at this time, and the parties will be directed to continue filing status reports on this issue every thirty days. *See* ECF No. 23.

### ORDER

Upon consideration of Plaintiff's Motion for Immediate Release from ICE Custody or for an Expedited Individualized Custody Hearing (ECF No. 24) and Plaintiff's motion for leave to file reply (ECF No. 31), and for the aforementioned reasons, the Court hereby ORDERS as follows:

1. Plaintiff's Motion for Immediate Release (ECF No. 24) is DENIED;

2. Plaintiff's Motion for leave to file a reply (ECF No. 31) is GRANTED; and

3. The parties are directed to file a status report within 14 days of this Order and every 30 days thereafter.

Date:  April 30, 2026

_____/s/_____
Adam B. Abelson
United States District Judge